UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.F., | Case No.  1:26-cv-00820-JLT-CDB (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S UNOPPOSED REQUEST TO PROCEED VIA PSEUDONYM |
| v. | |
| KRISTI NOEM, *et al.*, | (Doc. 3) |
| Respondents. | |

Petitioner H.F. ("Petitioner"), a federal detainee proceeding by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a related request for emergency injunctive relief,[1] and the pending motion to proceed via pseudonym on January 30, 2026.  (Docs. 1-3).  Petitioner filed the instant petition while in the custody of the Immigration and Customs Enforcement ("ICE") at the California City Detention Facility in California City, California, which is where he is currently incarcerated.  (Doc. 1 ¶ 9).

**Petitioner's Unopposed[2] Motion to Proceed via Pseudonym**

Pending before the Court is Petitioner's motion to proceed via pseudonym, filed on January

---

[1] On January 30, 2026, the Court denied Petitioner's motion for temporary restraining order. (Doc. 7).

[2] Respondents' failure to timely file an opposition or statement of non-opposition to the pending motion is construed as a non-opposition to the motion.  *See* Local Rule 230(c).

1

30, 2026.  (Doc. 3).  The motion is submitted on the record without oral argument.  *See* Local Rule 230(g).  For the reasons set forth below, the Court will grant Petitioner's unopposed motion.

### A.    Petitioner's Contentions

Petitioner requests the Court to permit him to proceed in this case via pseudonym using his initials and for entry of a protective order protecting his identity and his family from risk of harassment and retaliation.  (Doc. 3 at 2).  Petitioner asserts that he will disclose his identity to appearing counsel for the government in this case.  *Id.*

Petitioner asserts that relevant factors weigh in favor of granting his motion because the public disclosure of his identity and asylum-related information subjects Petitioner and his family to potential retaliatory harm, and there is no risk of prejudice to Defendants.  *Id.* at 4-6.  Petitioner contends that allowing him to proceed anonymously here causes no prejudice as his identity is not itself a material fact in the action and that he will disclose his identity to counsel for the government.  *Id.* at 5-6.

### B.    Governing Authority

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…"  *Id*. (citations and internal quotations marks omitted).  In evaluating such a request, courts should consider the

2

following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

**C.    Analysis**

The Court has reviewed Petitioner's unopposed motion and finds the reasons advanced for proceeding under pseudonym warrant granting the relief requested.   Respondents have not identified any actual, threatened, or risk of material prejudice that could result from Petitioner's use of a pseudonym, and given Petitioner's concession that he will not withhold his identity from Respondents, the Court finds that Respondents would not suffer prejudice if Petitioner were allowed to proceed under pseudonym.   Therefore, this factor weighs in favor of Petitioner's requested relief. *See Doe v. Andrews*, No. 1:25-cv-00506-SAB-HC, 2025 WL 1856591, at *3 (E.D. Cal. June 26, 2025) (granting request to proceed under pseudonym where respondents "have not attempted to—and cannot—argue that they would suffer any prejudice if Petitioner were allowed to proceed under pseudonym given Petitioner's identity is known to the Court and Respondents.").

While the Court is mindful of the public's interest in knowing the identity of the parties, after reviewing the record and considering the nature of the potential harm to which Petitioner may be exposed, the reasonableness of Petitioner's fears relating to potential retaliatory harm from the public disclosure of his identity and asylum-related information, and any potential prejudice to Respondents, the Court finds that, at this early stage of the litigation, the Petitioner's need for anonymity outweighs the competing interests. *See Advanced Textile Corp.*, 214 F.3d at 1067-68

("In this circuit, we allowed parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary … to protect a person from harassment, injury, ridicule, or personal embarrassment.'") (citing *United States. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK (HC), 2025 WL 1531684, at *1 (E.D. Cal. May 28, 2025) (noting that "courts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings") (citing *inter alia* 8 C.F.R. § 208.6); *see also Doe v. Andrews*, No. 1:25-cv-00680-SKO (HC), 2025 WL 1636053, at *1 (E.D. Cal. June 9, 2025) (granting immigration detainee's pseudonym request, finding no prejudice to Respondent, and noting "Petitioner … applied for protection under the Convention Against Torture.  He fears persecution and retaliation from a criminal gang … he is aware that individuals in Jamaica look for information about him online.  Petitioner's fears are credible and satisfy the first three factors").  Therefore, the Court will grant Petitioner's unopposed motion to proceed under pseudonym in this action.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Petitioner's unopposed motion to proceed via pseudonym (Doc. 3) is GRANTED.  All parties and their counsel shall use the pseudonym "H.F." in place of Petitioner's legal name in all future pleadings and papers filed in this action; and

2. The parties are prohibited from disclosing or publishing the true name of the Petitioner except by order of this Court and as necessary toward the prosecution or defense of the case.

IT IS SO ORDERED.

Dated:   **February 13, 2026**

UNITED STATES MAGISTRATE JUDGE

4