**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| H.F., | No.  1:26-cv-00820-JLT-CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS [A-Number 245 595 371] |
| v. | |
| KRISTI NOEM, *et al.*, | (Doc. 12) |
| Respondents. | |

H.F. is a federal immigration detainee. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a contemporaneously filed motion for temporary restraining order on January 30, 2026, while in custody of the Immigration and Customs Enforcement at the California City Detention Facility in California City.  (Docs. 1, 2.) On January 30, 2026, the Court denied Petitioner's TRO motion as untimely and referred the matter to the assigned magistrate judge for a determination on the merits of the petition.  (Doc. 7.)

On March 20, 2026, the assigned magistrate judge issued findings and recommendations to grant in part Petitioner's petition for writ of habeas corpus only as to Petitioner's procedural due process claim under the Fifth Amendment to the U.S. Constitution (Count II).  (Doc. 12.) The Court served the findings and recommendations on all parties and notified them that any objections were due within seven days.  (*Id.* at 21-22.)  No objections were filed and the time to do so has now passed.

1

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.[1]

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on March 20, 2026 (Doc. 12) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part as to Petitioner's procedural due process claim arising under the Fifth Amendment to the U.S. Constitution (Count II).

3. Respondents are **ORDERED** to release Petitioner immediately.[2]

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

5. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **March 31, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the parties agree that Petitioner has never attended an in-person check-in. However, Petitioner denies ever being told he had to report, and Respondents fail to provide the operative document.

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's SHALL provide a bond hearing in the timeframe required by law.

2